UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMETRI J. DANIELS )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL CHERTOFF, Secretary, )<br>U.S. Department of Homeland )<br>  Security )<br>)<br>Defendants. )<br>_____) | Civil Action No. 07-0505 (RBW) |

ANSWER

Defendant Michael Chertoff, Secretary of the United States Department of Homeland Security ("DHS"), by and through his undersigned counsel, hereby answers Plaintiff's Complaint as follows:

FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted under the Rehabilitation Act of 1973.

SECOND DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted under Title VII of the Civil Rights Act of 1964 as amended.

THIRD DEFENSE

Plaintiff's administrative claims or portions thereof regarding the matters alleged in the complaint were untimely filed with the Agency.

FOURTH DEFENSE

In response to the individual numbered paragraphs of the Complaint, Defendant denies generally all averments except as expressly admitted below:

1. This paragraph consists of plaintiff's characterization of this action and does not require an answer, but to the extent that an answer may be deemed required, Defendant denies the allegations in this paragraph.

2. The Defendant can neither admit nor deny the allegation in this paragraph due to insufficient information.

3. Defendant admits the allegations in this paragraph.

4. Defendant admits that Plaintiff was employed as a supervisory auditor in the Office of Inspector General ("OIG") of DHS from March 9, 2003 to April 30, 2005. The Defendant denies the remainder of the allegations in this paragraph.

5. This paragraph consists of Plaintiff's allegations regarding jurisdiction, which do not require answers. Defendant denies that any acts of discrimination, retaliation or reprisal occurred.

6. This paragraph consists of Plaintiff's allegations regarding jurisdiction and venue and does not require an answer. Insofar as an answer may be deemed required, Defendant admits that venue is appropriate and denies the remainder of the allegations in this paragraph.

7. Defendant denies the allegations in this paragraph.

8. Defendant admits the allegations in this paragraph.

9. Defendant admits that Plaintiff is an African American male who was employed as a

supervisory auditor in the DHS OIG from March 9, 2003 to April 30, 2005. The Defendant denies the remainder of the allegations in this paragraph.

10. Defendant admits that Plaintiff was employed as supervisory auditor in the DHS OIG and also accepted the collateral duty of Equal Employment Opportunity ("EEO") counselor.

11. Defendant admits that Plaintiff was initially assigned as the EEO counselor for Patsye Ervin and denies the allegation that the Plaintiff was assigned to resolve the EEO complaint. The Defendant can neither admit nor deny the remainder of the allegations in this paragraph due to insufficient information.

12. Defendant denies the allegations in this paragraph.

13. Defendant can neither admit nor deny the remainder of the allegations in this paragraph due to insufficient information.

14. Defendant can neither admit nor deny the remainder of the allegations in this paragraph due to insufficient information.

15. Defendant can neither admit nor deny the remainder of the allegations in this paragraph due to insufficient information.

16. Defendant admits that the Plaintiff sent an e-mail to Gary Barard on May 21, 2003 at 9:12 a.m. and avers that the e-mail should be referred to for a complete and accurate statement of its contents. Defendant can neither admit nor deny the remainder of the allegations in this paragraph due to insufficient information.

17. Defendant admits that the Plaintiff sent an e-mail to Gary Barard on May 21, 2003 at 9:12 a.m. and avers that the e-mail should be referred to for a complete and accurate statement of its contents.

18. Defendant denies the allegations in this paragraph.

19. Defendant denies the allegations in this paragraph.

20. Defendant admits that Gary Barard sent an email to Nancy Hendricks on May 21, 2003 but denies that the email contains false allegations and avers that the e-mail should be referred to for a complete and accurate statement of its contents.

21. Defendant denies the allegations in this paragraph.

22. Defendant admits that Richard N. Reback, Counsel to the Inspector General of DHS sent an email on May 27, 2003 to the Plaintiff and avers that the e-mail should be referred to for a complete and accurate statement of its contents.

23. Defendant admits that Richard N. Reback, Counsel to the Inspector General of DHS sent an email on May 27, 2003 to the Plaintiff and avers that the e-mail should be referred to for a complete and accurate statement of its contents.

24. Defendant denies the allegations in this paragraph.

25. Defendant denies the allegations in this paragraph.

26. Defendant denies the allegations in this paragraph.

27. Defendant denies the allegations in this paragraph.

28. Defendant denies the allegations in this paragraph.

29. Defendant can neither admit nor deny the remainder of the allegations in this paragraph due to insufficient information.

30. Defendant denies the allegations in this paragraph.

31. Defendant admits that Richard N. Reback, Counsel to the Inspector General of DHS sent an email on May 27, 2003 and avers that the e-mail should be referred to for a complete

and accurate statement of its contents. Defendant can neither admit nor deny the remainder of the allegations in this paragraph due to insufficient information.

32. Defendant denies the allegations in this paragraph.

33. Defendant can neither admit nor deny the allegations in this paragraph due to insufficient information.

34. The Defendant admits that the Defendant reasonably accommodated the Plaintiff due to his medical condition in its efforts to return Plaintiff to full-time work at the office.

35. The Defendant admits that at the end of May 2004, in its efforts to return Plaintiff to full-time work at the office, the Defendant allowed the Plaintiff to start his gradual return by working part-time from home.

36. Defendant denies the allegations in this paragraph.

37. Defendant avers that Plaintiff's leave records and his first application for workers' compensation benefits should be referred to for a complete and accurate statement of their content.

38. Defendant admits that Ms. Hendricks signed Plaintiff's Worker's Compensation application but can neither admit nor deny the remainder of the allegations in this paragraph due to insufficient information.

39. Defendant denies the allegations in this paragraph.

40. Defendant denies the allegations in this paragraph.

41. Defendant can neither admit nor deny the allegations in this paragraph due to insufficient information.

42. Defendant admits that location of its headquarters but neither can admit nor deny the

remainder of the allegations in this paragraph due to insufficient information.

43. Defendant denies the allegations in this paragraph.

44. Defendant can neither admit nor deny the allegations in this paragraph due to insufficient information.

45. Defendant denies that Mr. Reback caused Plaintiff's injury and Defendant neither can admit nor deny the remainder of the allegations in this paragraph due to insufficient information.

46. Defendant denies the allegations in this paragraph.

47. Defendant can neither admit nor deny the allegations in this paragraph due to insufficient information.

48. Defendant can neither admit nor deny the allegations in this paragraph due to insufficient information.

49. Defendant admits that Mona R. Segner, not Monica R. Senger, sent a letter dated December 18, 2003 to James Klimaski, Plaintiff's counsel. Defendant avers that the letter should be referred to for a complete and accurate statement of its content.

50. Defendant admits that Dr. Martin G. Allen sent a medical report dated March 1, 2004 concerning Plaintiff to Edward Stulginsky of DHS's OIG. Defendant avers that the medical report should be referred to for a complete and accurate statement of its content.

51. Defendant admits that Dr. Martin G. Allen sent a medical report dated March 1, 2004 concerning Plaintiff to Edward Stulginsky of DHS's OIG. Defendant avers that the medical report should be referred to for a complete and accurate statement of its content.

52. Defendant avers that the medical report should be referred to for a complete and accurate

statement of its content.

53. Defendant denies the allegations in this paragraph.

54. Defendant admits Mr. Stulginsky issued a "Notice of Proposal to Remove" dated March 8, 2004 to Plaintiff.

55. Defendant avers that the Notice of Proposal to Remove should be referred to for a complete and accurate statement of its content. Defendant can neither admit nor deny the remainder of the allegations in this paragraph due to insufficient information.

56. Defendant denies the allegations in this paragraph.

57. Defendant avers that the Notice of Proposal to Remove should be referred to for a complete and accurate statement of its content.

58. Defendant admits that the Notice of Proposal to Remove refers to a co-worker's information that the Plaintiff was starting a marriage counseling business. Defendant can neither admit nor deny the remainder of the allegations in this paragraph.

59. Defendant avers that the Notice of Proposal to Remove should be referred to for a complete and accurate statement of its content. The Defendant admits that Congressman Moran sent Defendant a letter dated May 17, 2004 on behalf of the Plaintiff. Defendant admits that the Plaintiff was restored to the leave donor program.

60. Defendant denies the allegations in this paragraph.

61. Defendant denies the allegations in this paragraph.

62. The Defendant admits that Congressman Moran sent Defendant a letter dated May 17, 2004 on behalf of the Plaintiff.

63. Defendant denies the allegations in this paragraph.

64. Defendant denies the allegations in this paragraph.

65. Defendant denies the allegations in this paragraph.

66. Defendant denies the allegations in this paragraph.

67. Defendant denies the allegations in this paragraph.

## REQUEST FOR RELIEF

These paragraphs contain Plaintiff's requests for relief to which no answer is deemed necessary, but insofar as an answer is deemed necessary, Defendant denies that Plaintiff is entitled to the relief requested herein or to any relief whatsoever. Defendant further avers that any award of compensatory damages would be subject to and limited by 42 U.S.C. § 1981a.

## DEMAND FOR JURY TRIAL

Plaintiff's demand for trial by jury is a request to which no answer is deemed necessary.

Dated: September 24, 2007        Respectfully submitted,


/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.


/s/
ANDREA McBARNETTE, D.C. Bar # 483789
Assistant United States Attorney Center Building
OF COUNSEL                        555 Fourth Street, N.W.
JENNIFER ASHWORTH        Washington, D.C. 20530
                                         (202) 514-7153

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing ANSWER was mailed on September 24, 2007 to pro se Plaintiff:

Demetri Daniels
5208 Martinique Lane
Alexandria, VA 22315

                                       /S/
                                  ANDREA McBARNETTE
                                  Assistant United States Attorney