UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMETRI J. DANIELS ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 07-0505 (RBW) |
| v. ) | |
| ) | |
| MICHAEL CHERTOFF, Secretary, ) | |
| U.S. Department of Homeland ) | |
| Security ) | |
| ) | |
| Defendants. ) | |
| ) | |

## JOINT RULE 16.3 REPORT

Pursuant to Local Civil Rule 16.3(d), the parties report to the Court concerning the matters in Rule 16.3(c). The parties' proposals are set forth below in the same order in which the matters are listed in LCvR 16.3(c).

**A.     Statement of the case**

Plaintiff alleges that the Defendant discriminated against him based on his disability, retaliated against him for engaging in EEO practices and created a hostile work environment, thus violating Sections 501 of the Rehabilitation Act of 973, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.  The Defendant asserts that the Plaintiff has not stated a claim upon which relief can be granted and that the Court does not have jurisdiction over his claims.

**1.     Whether the case is likely to be disposed of by dispositive motion.**

⬤Plaintiff does not believe that this case can be disposed of by motion.

The Plaintiff asserts that the May 28, 2003 on-the-job injury affected his ability to (a) file a timely complaint and (b) state a claim upon which relief can be granted under the Rehabilitation Act of 1973 and Title VII of the Civil Rights Act of 1964, as amended; as alleged.

The Plaintiff asserts that evidence to corroborate the facts in the above paragraph is contained in the March 1, 2004 medical report provided by the Defendant's own doctor, which states, in part: (a) "Plaintiff is currently emotionally fragile, with a moderately severe condition of Post Traumatic Stress Disorder, with both anxiety and depression…" and (b) "There has been a <u>clear and sever impact</u> (underlined for emphasis) of his condition on his overall health and major life activities."

Plaintiff further asserts that the issues in his complaint are not moot, as alleged by the Defendant, since the interim relief or subsequent events have not completely and irrevocably eradicated the effects of the alleged violations.  As part of this joint statement, the Plaintiff has presented four Attachments A, B, C and D as evidence of those unresolved and currently significant issues which are still within the reach of law in the federal judicial system. <u>Article III, United States Constitution, Section 2, Clause 1.</u>

Plaintiff asserts that the four attachments are consistent with the purpose of the Meet and Confer Statement, designed to ensure that cases are resolved as quickly as possible.

⬤Defendant believes that all or part of this case can be disposed of by dispositive

motion and intends to file a dispositive motion.

● The parties believe that discovery should be held in abeyance until the Court resolves the motion to dismiss. Indeed, staying discovery pending resolution of a potentially dispositive motion "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." Coastal States Gas Corp. v. Department of Energy, 84 F.R.D. 278, 282 (D. Del. 1982), citing Westminster Investing Corp. v. G.C. Murphy Co., 434 F.2d 521, 526 (D.C. Cir. 1970).

2. **The date by which any other parties shall be joined or the pleadings amended.**

At this time, the parties do not anticipate joining any other parties.

**Whether some or all of the factual and legal issues can be agreed upon or narrowed.**

Whether some of the factual and legal issues can be agreed upon is unknown at this juncture.

3. **Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

Plaintiff consents to the assignment of a magistrate judge for all purposes, except trial.

The Defendant does not consent to assignment to a magistrate judge for all purposes, including trial.

4. **Whether there is a realistic possibility of settling the case.**

   Plaintiff believes that there is a realistic probability of settling this case at this stage and before or after discovery.

   The Defendant does not believe that there is a realistic possibility of settling the case at this stage.

5. **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

   Plaintiff believes that mediation would be appropriate at this time. Following this approach, parties could agree to limited discovery (See Attachments B and C), take abbreviated depositions of key witnesses and then proceed to ADR.

   The Defendant does not believe that mediation is appropriate at this time but will inform the Court if it appears that mediation would be useful.

6. **Whether the case can be resolved by summary judgment or motion to dismiss.**

   The Plaintiff does not believe that the case in its entirety can be resolved by summary judgment or a motion to dismiss. Defendant believes that the cases can be resolved by a dispositive motion.

   **Dates for filing dispositive motions and/or cross-motions, opposition, and replies.**

   If the case is not resolved by a dispositive motion, the parties suggest the following briefing schedule for motions upon the conclusion of discovery.

   **Dispositive motions**: 60 days after the close of all discovery.

>  **Oppositions**: 21 days after service of dispositive motion.
>
>  **Replies**: 11 days after service of opposition.
>
>  **Proposed date for a decision on the motions.**
>
>  60 days after due date for replies, or as soon thereafter as is consistent with the Court's calendar.

7. **Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1).**

    No, but the parties agree that initial disclosures should be deferred until approximately three weeks into the start of any discovery period.

8. **How long discovery should take.**

    The parties expect that fact discovery should be completed within 180 days after a decision on the dispositive motions.

    **What limits should be placed on discovery (e.g., number of interrogatories, number of depositions, duration of depositions).**

    The parties agree to follow the Federal Rules of Civil Procedure in regards to the limits on discovery.

    **Whether a protective order is appropriate.**

    The parties will agree to a reasonable protective order that limits the use of personal information to this litigation.

    **A date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

      The parties believe that there should be a stay of discovery pending a decision on the dispositive motion. If the case is not resolved by a decision by the Court, the parties agree that fact discovery should be completed within 180 days of the Court's order.

9. **Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2) should be modified.**

      The parties agree that the Plaintiff will serve any expert witness report upon Defendant 60 days before the close of fact discovery, and that 45 days from service of Plaintiff's expert reports, Defendant will serve any expert witness report upon Plaintiff.

**Whether and when depositions of experts should occur.**

      Depositions of experts may be taken 45 days from service of the respective expert reports. Depositions of any experts will be completed within 30 days from the date they first may be taken.

10. **In class actions, appropriate procedures.**

      N/A.

11. **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation?**

      The parties agree that neither discovery nor the trials should not be bifurcated.

12. **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

      The parties propose that a date for a pretrial conference be set after discovery and after the Court's decision on any dispositive motions.

**13. Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties propose that the Court set a trial date at the pretrial conference.

**14. Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

The parties propose no other matters at this time.

Dated: December 3, 2007            Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.

/s/
ANDREA McBARNETTE, D.C. Bar # 483789
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

Counsel for Defendant

Demetri Daniels
5208 Martinique Lane
Alexandria, VA 22315
202 255 6515

*Pro se* Plaintiff

Attachments A, B, C and D

## ATTACHMENT A:

### LISTING OF PLAINTIFF'S
### NON-REIMURSED OFFICIAL EXPENSES
### (As of April 30, 2005)

| Transaction Date/Period | Expense Type | Recipient Intended/Actual | Reimbursable Amount | Category Total |
|---|---|---|---|---|
| 5-17-2003 | Travel | Demetri Daniels | $116.00 | $116.00 |
| 1-26 through 5-25, 2004 | Salary | Daniels | $31.261.00 | $31.261.00 |
| 12-28-2004 | Single Audit Book | Daniels | $393.50 | $393.50 |
| 6-9-04 | Facsimile | Martha Barksdale | $11.50 | |
| 6-15-04 | Facsimile | Barksdale | $3.50 | |
| 6-16-04 | Facsimile | Barksdale | $5.50 | |
| 9-1-04 | Facsimile | Gladys Kersee | $2.00 | |
| 9-2-04 | Facsimile | Barksdale | $1.50 | |
| 9-20-04 | Facsimile | Barksdale | $2.50 | |
| 9-21-04 | FedEx | Barksdale | $11.01 | |
| 12-21-04 | Facsimile | Barksdale | $1.50 | |
| 1-10-05 | Facsimile | Michelle Ross | $2.50 | |
| 3-17-2005 | FedEx | Karen Vincent | $14.48 | |
| 1-24-05 | FedEx | Michelle Ross | $14.55 | |
| 2-23-05 | Facsimile | Barksdale | $1.00 | |
| 3-2-05 | FedEx | Susan Shock | $16.61 | |
| 3-3-05 | Facsimile | Barksdale | $3.29 | |
| 3-7-05 | Facsimile | Belinda Finn | $1.50 | |
| 3-15-05 | Facsimile | Belinda Finn | $5.08 | |
| 4-4-05 | Facsimile | Finn/Barksdale | $5.50 | $103.52 |
| **GRAND TOTAL** | | | | **$31,874.02** |

## ATTACHMENT B:

## INTERROGATORIES

Plaintiff, Demetri J. Daniels, respectfully, propounds the following Interrogatories to Defendant, Michael Chertoff, to be answered in writing within thirty (30) days after receipt hereof pursuant to Rule 26 of the Federal Rules of Civil Procedure, which Interrogatories shall be deemed continuing and necessary to resolve only the remaining significant dispute(s) over the facts in this case.

**Definitions for use in the following interrogatories:**

> **"You"** or "Yours" means defendant and all representatives, attorneys, or other parties acting on behalf of defendant.
>
> "Document" means any written, recorded or graphic matter however produced or reproduced.
>
> "Identify" or "identity" when used with respect to an individual means to state his/her full name, his/her job title or last known employer, his/her present or last known telephone number, and his/her Social Security Number.
>
> "Identify" or "identity" when used with reference to a document means to state the type of document (e.g. memoranda, log diary, email, contract, letter, note, travel voucher) or some other means of identifying it, its location and custodian, the date thereon, if any, and the identity of any party or parties whose names or names appear thereon, or in lieu thereof, attached to your answers a copy of each such document.
>
> 'Defendant" will be used in the singular throughout. When more than one defendant is involved, a separate response is requested for each such defendant, <u>unless</u>, your response is identical to each defendant.

**INTERROGATORY NO. 1:**

Please describe and identify (see definition) the source(s), as alleged in Plaintiff's complaint, *Statement of Facts*, 20(a), in which you, the Defendant stated, "I have heard that Patsy, with Jim's assistance, have been working to develop a sex discrimination complaint

9

against the office."

**INTERROGATORY NO. 2:**

By letter to Plaintiff, on October 24, 2003, you, the Defendant, stated, "Neither the Agency nor any of its employees accepts any responsibility for [Plaintiff's] decision to absent himself from work since May 27, 2003. Absence medical evidence to the contrary, please describe or present documented evidence to show how Plaintiff injured himself?

**INTERROGATORY NO. 3:**

Please describe and identify (see definition) the sources or several former female employees, as alleged in Plaintiff's complaint, *Statement of Facts*, 20(d), in which you, the Defendant stated, "I have been informed [contacted] that Jim has contacted several former female employees I have supervised inquiring about how they were treated."

**INTERROGATORY NO. 4:**

Describe your interpretation of the applicable controlling federal regulation that you, the Defendant, used to remove the Plaintiff from the leave donor program on or about January 25, 2004.

**INTERROGATORY NO. 5:**

Please identify (see definition) all federal employees whose donated leave to Plaintiff was returned, the amount (hours) of donated leave returned, and date that Defendant returned the leave to each donor.

## ATTACHMENT C:

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiff, Demetri J. Daniels, respectfully requests that the Defendant, Michael Chertoff, respond under oath, to the following Requests for Production of Documents, necessary to resolve only the remaining significant dispute(s) over the facts in this case. Please refer to the Definitions contained in the Interrogatories propounded herewith.

### REQUEST FOR PRODUCTION NO. 1:

Defendant stated in December 20, 2006 Final decision that, "On January 7, 2005, Complainant was advised to submit additional documentation to support his claim." Please (1) attach this correspondence and (2) provide documented proof that Plaintiff received this correspondence.

### REQUEST FOR PRODUCTION NO. 2:

Provide copies of all documents to show that you, the Defendant, responded to the Plaintiff's periodic written requests on the status of the required EEO investigation during the 24-month period from December 15, 2004 through December 20, 2006.

### REQUEST FOR PRODUCTION NO. 3:

Provide proof of all payments made to reimburse Plaintiff for out-of-pocket expenses required to perform essential job functions, such as travel, faxing documents and purchasing books.

### REQUEST FOR PRODUCTION NO. 4:

By letter to Plaintiff on February 9, 2004, you, the Defendant, stated, "Be advised that, based on [Plaintiff's] failure to provide the medical documentation that OIG has been

requesting since November 21, 2003, your participation in the leave donor program is terminated effective January 25, 2003." Provide proof that Plaintiff was restored to pay status and received back pay, after the Defendant's doctor submitted the required report on March 1, 2004.[1]

**REQUEST FOR PRODUCTION NO. 5:**

Provide a copy of the applicable controlling federal regulation that the Defendant used to remove the Plaintiff from the leave donor program on or about January 25, 2004.

**REQUEST FOR PRODUCTION NO. 6:**

Provide a copy any Performance Improvement Plan used by the Defendant to assess Plaintiff's job performance as unsatisfactory.

---

[1] See Plaintiff's EEO complaint, Paragraphs 49 through 54.

**ATTACHMENT D:**

**ISSUES FOR MEDIATION**

The Plaintiff assets that Court has jurisdiction to decide these controversial, yet continuing and resolvable, issues:

1) Back pay for wages and benefits the Defendant erroneously withheld from January 26 to May 25, 2004,

2) Re-imbursement of out-of-pocket costs to travel, fax and ship timely work products when working from home,

3) Reimbursement of costs to purchase referenced books and updates to process single audit reports,

4) Limited discovery to determine whether the Defendant acted abusively or in error, as required by the Secretary of Labor in order to (a) choose between the FECA or OPM disability retirement system [2] and (b) qualify for receive rehabilitative treatment.

5) Significant financial relief to be mediated.

6) Review of my Official Personnel File and all files Defendant maintains on me.

7) The removal of derogatory information.

8) Mediate any dispute over what is removable.

9) Agreement that, in the case of future employment inquiries, the Defendant will only give out information in the mutually agreed-upon letter attached to the final agreement.

---

2  See Employees Compensation Appeals Board Decision. Docket No. 04-1085, April 24, 2006.

10) To restore my good name, announcement of resolution in mutually agreed-upon language to employees only.

11)    Reasonable legal fees.