# THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**DEMETRI J. DANIELS**

    **Plaintiff *Pro Se*,**

    v.

**MICHAEL CHERTOFF, Secretary,**

    **Defendants.**

**Civil Action No. 07-505 (RBW)**

## MOTION TO DISMISS
## DISPOSITIVE  MOTION OR IN THE ALTERNATIVE FOR SUMMARY JUDGEMENT

## &

## MOTION TO PROCEED WITH DISCOVERY AND ALTERNATIVE DISPUTE RESOLUTION

Pursuant to the <u>General Order and Guidelines for Civil Cases</u> assigned to the Honorable Judge Reggie B. Walton, the Plaintiff, Demetri J. Daniels, files his motion to dismiss, for procedural non-compliance,  Defendants' motion to dismiss or in the alternative for summary judgment filed January 15, 2008.

**Statement of Facts**

(1) On October 9, 2007, the Court issued Exhibit 1, the <u>General Order and Guidelines for Civil Cases</u>.  The Court expected the Defendants' counsel and the ProSe Plaintiff to comply with this General Order.

(2) Exhibit 2 addresses Section 5 of the General Order, "Motions for Extensions of Time," which stated in part:

**RECEIVED**

FEB 1 4 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*"In addition, such a motion* [for Extensions of Time] *must be filed at least four (4) business days prior to the deadline the motion is seeking to extend and must include the following (<u>otherwise it will not be considered by the court</u>):"* Underlined for emphasis.

(3) Exhibit 3 is the Defendants' motion for enlargement of time to file his motion to dismiss or in the alternative for summary judgment. This requested time extension was filed on January 4, 2008, and contained the following footnote:

*"The undersigned recognizes that the Courts expects a motion for enlargement four days prior to the due date. The defendant had expected to be able to make a timely filing of his dispositive motion and was unaware until today that completion would be impossible."*

(4) Section 5(d) of the General Order states:

*"In cases where the motion seeks to extend the deadline for a dispositive motion [ the motion must include] a suggested timeline for the filing of an opposition and reply."* *"The deadline for the opposition should be suggested only after consulting with the opposing counsel."* [1]

## Conclusion

Without a suggested timeline to respond, this extension was not sought in good faith and did unfairly prejudice the Plaintiff, as explained below.

---

[1] The Defendant, as stated, left the Plaintiff a voice mail informing him of her plan to extend, to which Plaintiff replied by leaving her a voice mail. The Defendant never mentioned the required timetable, as evidenced by its absence from the requirements of the General Order .

(4) The Plaintiff was unaware when he could file his opposition and reply to the dismissive motion, until preparing a related motion on February 13, 2008. Without a timetable to respond, the Defendants unfairly gave the Plaintiff the impression that the motion to dismiss would be final and conclusive.

(5) The Court instructions for filing a Motion for Time Extensions require strict adherence and appear inflexible. The Defendants did not (a) file its motion timely and (b), to my detriment, did not follow the required format of Section 5 of the General Order. Given these two instances of inexcusable noncompliance, this would make the Defendants' motion, based on the evidence, an untimely filing.

(6) The Defendants recognize the importance of timely filing; since they seek to dismiss the Plaintiff's complaint, stating that it was not timely filed.

Consistent with the Court's instructions, the Plaintiff respectfully motions the Court to not consider the Defendants' filing of its dispositive motion or in the alternative for summary judgment; and instead, proceed to discovery and alternative dispute resolution, once Plaintiff fully recovers from his injury (See Motion for Time Extension Filed February 13, 2008).

WHEREFORE, based on the foregoing, the Plaintiff respectfully requests that he be allowed to file his dismissal of the Defendant's motion to dismiss or in the alternative for summary judgment; and instead, proceed to discovery and alternative dispute resolution, once Plaintiff fully recovers from his injury (See Motion for Time Extension Filed February 13, 2008).

February 14, 2008

Respectfully submitted,

Demetri J. Daniels, *Pro Se*
5208 Martinique Lane
Alexandria, Virginia 22315
(202) 255-6515

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DEMETRI J. DANIELS

    **Plaintiff *Pro Se*,**

      v.

**MICHAEL CHERTOFF, Secretary,**

    **Defendants.**

**Civil Action No. 07-505 (RBW)**

## ORDER

    Upon consideration of Plaintiff's motion to dismiss the Defendants motion or in the alternative for summary judgment , it is hereby **ORDERED** that the motion is **GRANTED**. Plaintiff shall proceed to discovery and alternative dispute resolution, once Plaintiff fully recovers from his injury on or before November 19, 2008. (See Motion for Time Extension Filed February 13, 2008).

 

_____
UNITED STATES DISTRICT JUDGE

Dated:_____, 2008.

## CERTIFICATE OF SERVICE

Pursuant to LCvR 5.4(e)(3), I hereby certify that the foregoing documents regarding my Motion to Extend was filed in paper form with the Clerk and served in paper form upon Defendants by first class postage prepaid to:

Andrea McBarnette
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530

Demetri J. Daniels, *Pro Se*
5208 Martinique Lane
Alexandria, Virginia 22315
(202) 255-6515

Exhibit 1, General Order and Guidelines for Civil Cases, October 9, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMETRI J. DANIELS

        Plaintiff,

v.

                                    Civil Action No. **07-505**
                                           (RBW)

MICHAEL CHERTOFF

        Defendant.

## GENERAL ORDER AND GUIDELINES FOR CIVIL CASES (ECF)

### (Judge Walton)

THIS GENERAL ORDER APPLIES TO ALL CASES ASSIGNED TO THE CIVIL CALENDAR OF JUDGE REGGIE B. WALTON.  COUNSEL AND <u>PRO SE</u> LITIGANTS ARE EXPECTED TO FAMILIARIZE THEMSELVES WITH AND COMPLY WITH THIS GENERAL ORDER.

ALL COUNSEL, PARTIES AND <u>PRO SE</u> LITIGANTS ARE EXPECTED TO TREAT EACH OTHER AND THOSE INVOLVED IN THE CASE RESOLUTION PROCESS WITH DIGNITY, RESPECT AND CIVILITY, BOTH IN COURT AND IN OUT-OF-COURT CONFERENCES, MEETINGS AND DISCOVERY PROCEEDINGS. COUNSEL ARE EXPECTED TO ADVISE THEIR CLIENTS OF THIS MANDATE OF THE COURT.

All courtroom proceedings, unless otherwise indicated, will be conducted in courtroom 5 of the E. Barrett Prettyman United States Courthouse, 333 Constitution Avenue, N.W., Washington, D.C. 20001.  Non-courtroom conferences and meetings will be

Exhibit 2, Motions for Extensions of Time, Section 5

chambers may be reached by telephone. Ex parte communications to Judge Walton either directly or through his law clerks are inappropriate and will not be tolerated.

### 3. **Motions Guidelines**.

Any motion that does not comply with Local Civil Rule 56.1 shall be denied without prejudice. The Court will not consider any opposition that is not in compliance with the Rule and if compliance is not forthcoming within 30 days, the motion will be deemed conceded.

Any motion or opposition that does not comply with Local Civil Rule 7, unless otherwise indicated below, will be sua sponte denied.

Only in rare instances and for good cause shown will the page limitations of Local Civil Rule 7(e) be waived by the court. Typeface shall not be smaller than pica size, **with no more than ten typed characters per inch.** The court recommends the "Times New Roman" or "Courier" font (12 point). Footnotes shall be no smaller than 10 point font.

### 4. **Courtesy Copies for Chambers**. Counsel shall provide a hard copy of all

pleadings filed with the court to chambers either by mail or hand delivery.

_____5. **Motions for Extensions of Time.** Motions for Extension of time are **strongly discouraged.** Parties should not expect the court to grant extensions. Counsel seeking an extension of time **must** file a motion and a proposed order including a detailed declaration of the grounds for the extension sought. The court grants such motions only upon a showing of good cause, focusing on the diligence of the party seeking the continuance and any prejudice that may result if the court denies the continuance.[2] In addition, such a

---

[2] See Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner,, 101 F.3d 145 (D.C. Cir. 1996).

3

motion must be filed **at least four (4) business days prior to the deadline the motion is seeking to extend** and must include the following (otherwise it will not be considered by the court):

    (a)    the number of previous extensions requested and granted to each party;

    (b)    the specific ground(s) for the motion;

    (c)    a statement of the effect that the court's granting of the motion will have on all other previously scheduled deadlines;

    (d)    in cases where the motion seeks to extend the deadline for a dispositive motion, a suggested timeline for the filing of the opposition[3] and reply; and

    (e)    pursuant to Local Civil Rule 7(m), **the moving party shall include a statement of opposing counsel's position** on the motion.

Further, the court requires that the parties **file consent motions rather than stipulations.** Failure to comply with the Local Civil Rules or this Order may result in rejection of the request.

    6.  **Meet and Confer Statement.**  Pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3,[4] counsel shall submit their Joint Meet and Confer Statement

---

[3] The deadline for the opposition should be suggested only after consulting with opposing counsel.

[4] The May 17, 2001 amendment to Local Civil Rule 16.3 sets forth additional categories of proceedings that are exempted from this Rule's meet and confer requirements. If counsel's proceeding is exempt from the local rule's requirements, counsel for both parties shall jointly prepare and submit a statement to the Court indicating whether

Exhibit 3, Defendants' Motion for Time Enlargement, January 4, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMETRI J. DANIELS                           )
                                             )
                    Plaintiff,               )
                                             )          Civil Action No. 07-0505 (RBW)
        v.                                   )
                                             )
MICHAEL CHERTOFF, Secretary,                 )
U.S. Department of Homeland Security         )
                                             )
                    Defendants.              )
_____  )

<u>MOTION FOR ENLARGEMENT OF TIME TO REPLY TO THE COMPLAINT</u>

        The Defendant, Michael Chertoff, Secretary, U.S. Department of Homeland Security,

through counsel, request an enlargement of time to file his motion to dismiss or in the alternative

for summary judgment. The dispositive motion is presently due on January 4, 2008.[1]  The

Defendant had expected to make a timely filing today and but is unable to complete the dispositive

motion on time. The undersigned and agency counsel require additional time to consult and finalize

the dispositive motion. Therefore, the Defendant requests an extension to January 15, 2008.

The undersigned called the Pro Se Plaintiff and left a voice mail message requesting consent to the

relief sought but had not heard back from the Plaintiff prior to filing the motion.

        This extension is sought in good faith and will not unfairly prejudice any party. Allowing

the Defendants some additional time to formulate a response will aid the parties and the Court in the

development and resolution of this case.

_____

        [1]      The undersigned recognizes that the Court expects a motion for enlargement four
days prior to the due date. The Defendant had expected to be able to make a timely filing of his
dispositive motion and was unaware until today that completion would be impossible.