UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                              )
DEMETRI J. DANIELS,           )
                              )
           Plaintiff,         )
                              )
      v.                      )   Civil Action No. 07-505 (RBW)
                              )
MICHAEL CHERTOFF,             )
Secretary for                 )
Department of Homeland Security, )
                              )
           Defendant.         )
                              )
_____)

ORDER

Demetri J. Daniels, the plaintiff in this civil case, seeks "to recover compensatory damages and other actions that will make [him] 'whole'" pursuant to the Rehabilitation Act of 1973, 29 U.S.C. §§ 701-796l (2000), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17 (2000).  Complaint ¶ 1.  On January 15, 2008, the defendant filed a motion to dismiss the plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12 or for summary judgment pursuant to Federal Rule of Civil Procedure 56.  Motion to Dismiss or[,] in the Alternative, for Summary Judgment at 1.  Currently before the Court is the plaintiff's Motion to Dismiss Dis[missive] Motion or[,] in the Alternative[,] for Summary Judgment & Motion to Proceed with Discovery and Alternative Dispute Resolution (the "Pl.'s Strike Motion") and Motion for Extension[] of Time to Oppose Dismissive Motion or[,] in the Alternative, for Summary Judgment (the "Pl.'s Extension Motion").  After reviewing the plaintiff's motions, the

Court concludes for the reasons that follow that the plaintiff's motion to strike is without merit and must be denied, but that the plaintiff's motion for an extension of time in which to file his opposition, while excessive in scope, should be granted in part.

With respect to the plaintiff's motion to strike the defendant's motion to dismiss or for summary judgment, the sole basis for the relief requested by the plaintiff is the defendant's purported failure to follow all of the general requirements imposed by the Court in submitting a request for an extension of time in which to file a responsive motion to the plaintiff's complaint. Pl.'s Strike Mot. at 2-3. The Court has the discretion to waive its own requirements, and did so here by entering a minute order in which it granted the defendant's request and set a new deadline of January 15, 2008, for the defendant's responsive motion. The plaintiff's assertion that he "was unaware when he could file his opposition and reply to the [defendant's] motion," id. at 3, is therefore untenable, as this Court's local rules set forth clear guidelines as to when memoranda in opposition to dispositive motions must be filed. See Local Civ. R. 7(b) (providing that the Court may "treat as conceded" a motion to which no opposition is filed "[w]ithin 11 days of the date of service" of that motion).

The plaintiff's motion for an extension of time in which to file his opposition is a different matter. The plaintiff asserts that he requires an extension of 270 days–the better part of an entire year–to file his opposition because his "pre-existing medical condition, [p]ost[-t]raumatic [s]tress [d]isorder, was exacerbated when [he came] into contact with a document[] erroneously mailed by the [d]efendant[] which belonged to another [p]laintiff and civil case . . . ." Pl.'s Extension Mot. at 1-2. He then requests that the Court "not consider the

[d]efendant['s] filing of its dispositive motion," id. at 2, but instead "proceed to discovery and alternative dispute resolution," id. at 4.

On the one hand, the Court finds it difficult to accept the plaintiff's asserted medical basis for an extension of time at face value in light of his contradictory request to proceed with discovery and alternative dispute resolution. If the plaintiff is really so incapacitated at the moment that he cannot even file an opposition to the defendant's motion to dismiss or for summary judgment, then he certainly would not be able to engage in discovery or alternative dispute resolution with the defendant. Moreover, the plaintiff's alleged inability to draft an opposition to the plaintiff's motion is belied by the fact that he was able to draft the two motions that are the subject of this order. Taken together, these facts suggest that the plaintiff's proffered reasons for an extension of time are not entirely creditworthy.

Nevertheless, the Court recognizes that the plaintiff claims to suffer from a debilitating condition that might impair his ability to respond to the defendant's motion in an expeditious fashion, and the Court has no desire to further compromise the plaintiff's health by forcing him to adhere to deadlines that his medical state will not permit. In addition, it is all but certain that the deadline for the plaintiff to respond to the defendant's motion to dismiss or for summary judgment will have expired before he even receives notice of this order due to the timing of the plaintiff's motions.[1] The Court will therefore extend the deadline for the plaintiff's opposition by another sixty days out of an abundance of caution. However, the Court is not inclined to provide any further extensions to the plaintiff given that (1) the plaintiff has already received

---

[1] In a minute order entered on January 31, 2008, the Court extended the deadline for the filing of the plaintiff's opposition to the defendant's motion to dismiss or for summary judgment from its original date of January 29, 2008, to February 19, 2008.

3

one extension from the Court and (2) the Court is, through this order, granting the defendant an unusually lengthy second extension of time in which to file his opposition despite the Court's concerns as to the veracity of the plaintiff's assertions in his motion for an extension.

Accordingly, it is incumbent upon the plaintiff to respond to the defendant's motion to dismiss or for summary judgment on or before April 21, 2008.  If the plaintiff does not respond to the defendant's motion by that time, the Court may treat the defendant's motion as conceded and dismiss the plaintiff's complaint in its entirety.  <u>Fox v. Strickland</u>, 837 F.2d 507, 509 (D.C. Cir. 1988).  Further, with respect to the defendant's alternative motion for summary judgment, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion."  <u>Neal v. Kelly</u>, 963 F.2d 453, 456 (D.C. Cir. 1992) (internal quotation and citation omitted).  In other words, if the plaintiff does not counter the evidence produced by the defendant in support of his motion for summary judgment (or successfully challenge the admissibility of that evidence), the Court must accept the defendant's evidence as true in rendering its conclusions of law with respect to the defendant's motion.

It is therefore

**ORDERED** that the plaintiff's Motion to Dismiss Dis[missive] Motion or[,] in the Alternative[,] for Summary Judgment & Motion to Proceed with Discovery and Alternative Dispute Resolution is **DENIED**.  It is further

**ORDERED** that the plaintiff's Motion for Extension[] of Time to Oppose Dismissive Motion or[,] in the Alternative, for Summary Judgment is **GRANTED** in part and **DENIED** in part.  It is further

4

**ORDERED** that the plaintiff shall file his opposition to the defendant's Motion to Dismiss or[,] in the Alternative, for Summary Judgment on or before April 21, 2008.

**SO ORDERED** this 19th day of February, 2008.

REGGIE B. WALTON
United States District Judge
