UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DEMETRI J. DANIELS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-505 (RBW) |
| | ) | |
| MICHAEL CHERTOFF, | ) | |
| Secretary for | ) | |
| Department of Homeland Security, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Demetri J. Daniels, the plaintiff in this civil case, seeks "to recover compensatory damages and other actions that will make [him] 'whole'" pursuant to the Rehabilitation Act of 1973, 29 U.S.C. §§ 701-796l (2000), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17 (2000). Complaint ¶ 1. On January 15, 2008, the defendant filed a motion to dismiss the plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12 or for summary judgment pursuant to Federal Rule of Civil Procedure 56. Motion to Dismiss or[,] in the Alternative, for Summary Judgment at 1. On February 13, 2008, the plaintiff filed a motion for an extension of time in which to file his opposition to the defendant's motion to dismiss or for summary judgment. Motion for Extension[] of Time to Oppose Dismissive Motion or[,] in the Alternative, for Summary Judgment at 1. The very next day, he filed a motion to strike the defendant's motion based on the defendant's purported failure to follow all of the guidelines imposed by the Court in submitting a request for an extension of time in which to file a

responsive motion to the plaintiff's complaint.  Motion to Dismiss Dis[missive] Motion or[,] in the Alternative[,] for Summary Judgment & Motion to Proceed with Discovery and Alternative Dispute Resolution at 1-3.

In an order entered on February 19, 2008 (the "February 19 Order"), the Court denied the plaintiff's motion to strike and granted in part and denied in part the plaintiff's request for an extension of time in which to file his opposition.  Specifically, the Court granted the plaintiff until April 21, 2008, to file his opposition to the defendant's motion–an extension of approximately 60 days, but nowhere near the 270 days requested by the plaintiff.  February 19 Order at 5.  The Court also warned the plaintiff that "[i]f [he did] not respond to the defendant's motion by that time, the Court [might] treat the defendant's motion as conceded and dismiss the plaintiff's complaint in its entirety," and that "if the plaintiff [did] not counter the evidence produced by the defendant in support of his motion for summary judgment (or successfully challenge the admissibility of that evidence), the Court [would be forced to] accept the defendant's evidence as true in rendering its conclusions of law with respect to the defendant's motion."

Rather than file his opposition the defendant's motion as directed by the Court, the plaintiff filed a notice of interlocutory appeal of the February 19 Order on April 15, 2008.  Notably, the plaintiff did not request a stay of the February 19 Order during the pendency of his attempted appeal.  Having properly notified the plaintiff of his obligation to respond to the defendant's motion under the Federal Rules of Civil Procedure and the possible consequences that the plaintiff might face should be fail to do so as required by Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988), and Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), the Court would therefore be

well within its authority to treat the defendant's motion as conceded and dismiss the plaintiff's complaint at this juncture.  See <u>Pub. Citizen v. Carlin</u>, 2 F. Supp. 2d 18, 20 (D.D.C. 1998) (noting that "[t]he filing of a notice of appeal divests" the district court of jurisdiction "to alter, amend[,] or expand" its judgment, but not the jurisdiction to enforce its judgment).

Nevertheless, the Court will abstain from issuing a ruling with respect to the defendant's motion at this time because the plaintiff, who is representing himself <u>pro se</u>, may not understand that he is still obligated to follow this Court's orders pending the disposition of his attempted interlocutory appeal.  The Court will therefore stay its consideration of the defendant's motion unless and until the District of Columbia Circuit (1) dismisses the defendant's interlocutory appeal or (2) affirms the February 19 Order.  <u>However, the Court will not hesitate to treat the defendant's motion as conceded, grant the motion, and dismiss the plaintiff's complaint in its entirety once either of those events occur unless the plaintiff files his opposition within thirty days of the Circuit Court's order dismissing the plaintiff's interlocutory appeal or remand (in the event that the court grants the plaintiff leave to file an interlocutory appeal and considers the merits of the February 19 Order).</u>  The Court will also administratively close this case pending the disposition of the plaintiff's attempted interlocutory appeal.

Accordingly, it is

**ORDERED** that the Court's consideration of the defendant's Motion to Dismiss or[,] in the Alternative, for Summary Judgment is **STAYED** unless and until ordered otherwise.  It is further

**ORDERED** that this case is **ADMINISTRATIVELY CLOSED**.

3

**SO ORDERED** this 8th day of May, 2008.

>                                   REGGIE B. WALTON
>                                   United States District Judge